IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KATHY J. CALHOUN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN O'MALLEY, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Case No. 23-cv-05016-MDH |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence in the record as a whole and the decision is **AFFIRMED**.

## BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. The ALJ found Plaintiff suffered from severe impairments of cervical spine degenerative changes; right shoulder degenerative changes; and fibromyalgia syndrome. After finding Plaintiff's impairments did not meet or equal a listed impairment, the ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 404.1567(a) except occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally reach overhead with the right, dominant upper extremity; and occasionally stoop, kneel, crouch, and crawl.

1

The ALJ found Plaintiff could perform past relevant work as a food inspector. Plaintiff argues on appeal that the ALJ failed to fully and fairly develop the record and failed to properly evaluate Plaintiff's credibility.

**STANDARD**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Id.* at 1154. "It means— and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of

those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

## DISCUSSION

After full and careful review of the record and briefs, the Court finds the ALJ's findings are supported by substantial evidence in the record as a whole.

First, the Court has thoroughly reviewed the administrative record before the Court, including the medical records, hearing testimony, and the ALJ's opinion. The Court finds that the ALJ's determination is supported by substantial evidence in the record as a whole and was within the available "zone of choice." The ALJ provided an analysis of the medical opinion evidence and properly addressed Plaintiff's physical limitations, in light of the medical records, work history, daily activities, and hearing testimony. The Court gives great deference to the ALJ's determination as it falls within an acceptable "zone of choice" of the finder of fact.

Further, the Court finds the ALJ applied the appropriate legal framework in analyzing the record and evidence. The ALJ considered all the medical opinions based on the applicable regulations. The ALJ's decision set forth her consideration of all the medical opinions, including any inconsistencies in the record and in Plaintiff's testimony and further articulated how she considered the factors of supportability and consistency as they applied to the medical evidence. The Court finds the ALJ's determination is supported by substantial evidence. Finally, the Court finds the ALJ did not err in assessing Plaintiff's credibility.

## CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence on the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated: September 20, 2024           */s/ Douglas Harpool*
                                           **DOUGLAS HARPOOL**
                                           **UNITED STATES DISTRICT JUDGE**